# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

CARLOS FABIAN CASTRO-SERVELLON,

Petitioner

v.

ERIC H. HOLDER, JR. U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 102 411

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Fabian Castro-Servellon (Castro), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum and withholding of removal. He contends that he was persecuted in El Salvador by gang members on account of his political opinion and membership in a particular social group made up of minor students who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60291

resist gang membership and voice their resistance to gangs.  In describing the past acts of persecution, he asserts that he was harassed by members of the MS13 gang on a number of occasions and was beaten in the face by gang members when he refused to join the gang.  He contends that he fears that he will be killed if he returns to El Salvador.

This court reviews the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA.  *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  "Questions of law are reviewed de novo," and "[f]actual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable."  *Id.* (internal quotation marks and citations omitted).  Under the substantial evidence standard, "reversal is improper unless [this court] decide[s] not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it."  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted; emphasis in original).

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including membership in a particular social group or political opinion.  8 U.S.C. § 1158(b)(1)(A), (B)(i).  Castro's complaints of verbal harassment, being pushed and shoved, having his books torn, and being beaten in the face on one occasion "fall far short of the required "extreme conduct' needed to establish persecution."  *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006) (citation omitted).  There was substantial evidence in the record to support the BIA's finding that Castro did not suffer past persecution.

Castro was also required to show that he had a well-founded fear of persecution if he returns to El Salvador based on a protected ground, in his case, membership in a particular social group having a certain political

opinion.  8 U.S.C § 1101(a)(42)(A).  In considering whether a particular social group exists under these provisions, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership."  *Id.* at 519 (internal quotation marks and citations omitted).  This court has determined that a group of minor Salvadoran males who refused to join a gang due to their opposition to such activities was too broad and amorphous to meet the particularity test and also lacked the necessary social visibility to be perceived as a group by society.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 516, 522 (5th Cir. 2012).  Castro has not shown that his proposed group has the necessary particularity or social visibility to entitle him to asylum protection.

Further, Castro has not addressed the BIA's determination that Castro had not expressed any political opinion to the gang members or anyone else in El Salvador.  Nor has Castro challenged the BIA's determination that he failed to show a well-founded fear of persecution that would be sanctioned by the Government of El Salvador.  Insofar as Castro has failed to address these findings, he has abandoned a challenge to those determinations.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The determination of the IJ and the BIA that Castro failed to show that he has a well-founded fear of persecution if he returns to El Salvador on account of his membership in a particular social group or his political opinion is supported by substantial evidence in the record and, thus, Castro was not entitled to asylum.  *See Orellana-Monson,* 685 F.3d at 522.

The standard for obtaining withholding of removal is greater than that for asylum.  *Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir. 2002).  It requires a showing that it is more likely than not that the petitioner's life or freedom

would by threatened by persecution based on a protected ground. *Id.* Because Castro cannot demonstrate that he is eligible for asylum, he also cannot show that he was eligible for withholding of removal. *Id.*; *see also* 8 C.F.R. § 208.16(b)(2)(i)-(ii). The petition for review is DENIED.